Wright, J..
The defendant was indicted for the crime of manslaughter. The indictment, as will be seen upon examination, avers that he unlawfully killed the said Sarah Lyda while he, the said Barker, was in the commission of an unlawful act. This unlawful act is alleged to have been the' using of certain means with intent to procure an abortion, the said Sarah being pregnant with the vitalized embryo of a child. The indictment, however, does not aver that the death was occasioned by the means used to procure this abortion, nor does it aver how the death was occasioned. The punishment for manslaughter is imprisonment for from one to ten years. S. & O. 403.
The second section of the law relating to abortions is as follows (S. & S. 272) : “ That any physician or any other person who shall administer, or advise to be administered, to any woman pregnant with a vitalized embryo or fcetus, at any stage of útero gestation, any medicine, drug, or substance whatever, or who shall use or employ, or desire to be used or employed, any instrument or other means with inteut thereby to destroy such vitalized embryo or fcetus, unless the same shall have been necessary to preserve the life of the mother, or shall have been advised by the physician to be necessai-y for such purpose, shall, in case of the death of such vitalized embryo or fcetus, or mother, in consequence thereof, be deemed guilty of a high misdemeanor, and upon conviction thereof shall be imprisoned in the penitentiary not less than one nor more than seven years.”
It will be seen from an examination of this section, that the offense described is the death of the fcetus or mother, occasioned by the use of drugs or instruments for the purpose of destroying such fcetus; in other words, procuring an abortion.
The objection to the indictment before us is, that while it purports to be an indictment for manslaughter, it really *587 charges the offense provided for in the second section of the abortion act above set forth.
The first part of the indictment avers that Barker unlawfully killed said Sarah while he was in the commission of an unlawful act, which are the words of the third section of the crimes act relating to manslaughter, and by the ninety-second section of the criminal code (66 Ohio L. 301) : “ In any indictment for manslaughter, it shall not be necessary to set forth the manner in which, or the means by which, the death was caused ; but it shall be sufficient to charge that the defendant did unlawfully kill and slay the deceased.”
Having therefore averred that the unlawful killing was done while the slayer was in the commission of the unlawful act, the indictment proceeds to set forth the particulars of that unlawful act by alleging the circumstances attending the abortion; but does not aver how the death was obtained, nor indeed was it necessary for him to do so. Now, had these allegations shown that the death was occasioned by the means employed to procure this abortion, this would have shown a crime under the abortion act, and defendant could not have been indicted for manslaughter, for he had committed another offense. Nothing is clearer than that a man can not be indicted for and convicted of one crime when he has committed another.
Had this cause proceeded to trial upon the indictment for manslaughter, and had the evidence shown that the death of the woman was occasioned by administering drugs, or using instruments to produce an abortion, there could have been no conviction for manslaughter, because the evidence showed that another crime had been committed, for which there was a separate and specific punishment. The unlawful killing was done, it is true, while the slayer was in the commission of an unlawful act, but that unlawful act, when producing death, is a distinct offense, and must be punished as such. If this indictment, therefore, had shown all the elements of this distinct offense, had it shown a death brought about by the drugs and in *588 struments used, it is no longer the crime of manslaughter, but comes under the abortion act. Does the indictment then show all the elements of a crime under the abortion act? It shows that Barker unlawfully killed the said Sarah while he, Barker, was in the commission of an unlawful act, namely, using instruments and administering drugs to destroy the fetus; but it does not say that these instruments or drugs produced the death. Por all'that appears, the death may have been occasioned while the unlawful act was being committed, but by some accident entirely distinct from and independent of the unlawful act itself. If, during the use of the instruments, from the pain occasioned, the struggles of the woman had thrown her out of bed, and the fall had killed her, the death, though occasioned while in the commission of the unlawful act, was not occasioned by it.
Lacking, therefore, this important averment, namely, that death was occasioned by the means used to procure the abortion, the crime is not one under the abortion act.
This being the fact, the indictment is good as an indictment for manslaughter. It avers an unlawful killing while the slayer was in the commission of an unlawful act. It then proceeds to describe the unlawful act as one really coming under the first section of the law relating to abortions, where it is a crime to use instruments or other means to produce miscarriage, no death being occasioned thereby. 1 S. & C. 440.
Being, therefore, a good indictment for manslaughter, it was error to sustain the demurrer.

Exceptions sustained.